UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARLENE RUIZ,

    Plaintiff,

v().    Case No. 8:17-cv-735-T-24 TGW

PUBLIX SUPER MARKETS, INC.,

    Defendant,

_____

PUBLIX SUPER MARKETS, INC.,

    Defendant/Counter-Plaintiff

v.

ARLENE RUIZ, ALEXANDER PEREZ-VARGAS, ANDREA VARGAS, and JESSICA VARGAS,

    Counter-Defendants.

_____/

## ORDER

This cause comes before the Court on Publix's Motion for Attorneys' Fees. (Doc. No. 56). Plaintiff Arlene Ruiz opposes the motion. (Doc. No. 60). As explained below, Publix's motion is denied.

## I.  Background

Irialeth Rizo is a former Publix employee who died from cancer on January 19, 2015. During her employment with Publix, Rizo participated in the Publix Super Markets, Inc. Employee Stock Ownership Plan ("ESOP") and the Publix Super Markets, Inc. 401(k) SMART Plan ("401(k) Plan"). The Summary Plan Descriptions for the ESOP and the 401(k) Plan both

provide that in order to change the designated beneficiary, the participant must fill out and submit a signed Beneficiary Designation Card.  In October of 2008, Publix received Beneficiary Designation Cards from Rizo changing her prior designated beneficiaries for both her ESOP and 401(k) Plan to Counter-Defendants Alexander Perez-Vargas, Andrea Vargas, and Jessica Vargas.  In September of 2011, Rizo was diagnosed with cancer.  In January of 2015, when Rizo was getting her affairs in order after her cancer had progressed, Rizo attempted to change her beneficiaries for both her ESOP and 401(k) Plan to Plaintiff Arlene Ruiz.[1]  Rizo did so by sending a letter stating this intention and attaching that letter to unsigned Beneficiary Designation Cards.

Rizo died on January 19, 2015.  Thereafter, Publix received Rizo's letter, as well as the Beneficiary Designation Cards.  Publix did not process the proposed beneficiary changes, because the Beneficiary Designation Cards were not properly filled out, as Rizo had not signed and dated them.  When Ruiz made a claim for benefits under the ESOP and the 401(k) Plan after Rizo's death, Publix denied her claim.  Thereafter, Ruiz filed the instant lawsuit for ERISA benefits.

Both parties moved for summary judgment on the issue of whether Ruiz was the beneficiary of Rizo's ESOP and 401(k) Plan.  Publix argued that Ruiz was not the beneficiary, because Rizo did not strictly comply with the requirements for filling out the Beneficiary Designation Cards in order to make Ruiz the beneficiary of her ESOP and 401(k) Plan.  Ruiz argued that the doctrine of substantial compliance applied, and because Rizo substantially complied with the procedure for changing her beneficiary to Ruiz, the Court should find that

---

[1] Rizo and Ruiz had been in a long-term, committed relationship prior to Rizo's death.

Ruiz was the beneficiary of Rizo's ESOP and 401(k) Plan.

The Court found that the case law cited by the parties supported both of their positions and that based on their cited authority, it was unclear whether the Eleventh Circuit would apply the doctrine of substantial compliance. However, the Court also noted that it was not clear that the doctrine of substantial compliance is still viable after the Supreme Court's decision in <u>Kennedy v. Plan Administrator for DuPont Savings and Investment Plan</u>, 555 U.S. 285 (2009). Neither party addressed, or even cited to, the <u>Kennedy</u> decision.

In <u>Kennedy</u>, the decedent's estate and the decedent's ex-wife both made claims as the beneficiary of a savings and investment plan ("SIP"), which was an ERISA plan. <u>See</u> <u>id.</u> at 288-89. The ex-wife was the named beneficiary of the SIP. <u>See</u> <u>id.</u> at 289. In rejecting the estate's claim, the Supreme Court explained:

> ERISA requires [e]very employee benefit plan [to] be established and maintained pursuant to a written instrument, specify[ing] the basis on which payments are made to and from the plan. The plan administrator is obliged to act in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of [Title I] and [Title IV] of [ERISA], and ERISA provides no exemption from this duty when it comes time to pay benefits. . . .
>
> The Estate's claim therefore stands or falls by the terms of the plan, a straightforward rule of hewing to the directives of the plan documents that lets employers establish a uniform administrative scheme, [with] a set of standard procedures to guide processing of claims and disbursement of benefits. The point is that by giving a plan participant a clear set of instructions for making his own instructions clear, ERISA forecloses any justification for enquiries into nice expressions of intent, in favor of the virtues of adhering to an uncomplicated rule: simple administration, avoid[ing] double liability, and ensur[ing] that beneficiaries get what's coming quickly, without the folderol essential under less-certain rules.

*   *   *

> The plan provided an easy way for [the decedent] to change the designation, but for whatever reason he did not. The plan provided a way to disclaim an interest in the SIP account, but [the ex-wife] did not purport to follow it. The plan administrator therefore did exactly what [ERISA] required: the documents control, and those name [the ex-wife].

Id. at 300–01, 303–04 (quotation marks and internal citations omitted).

Based on Kennedy, this Court concluded the following in its summary judgment order:

> [I]t is doubtful that the doctrine of substantial compliance remains viable, given the Supreme Court's emphasis on the duty of a plan administrator to act in accordance with the plan documents. The Supreme Court specifically stated that ERISA forecloses any justification for inquiries into expressions of intent that do not comply with the plan documents. See id. at 301. Thus, it appears to this Court that the doctrine of substantial compliance did not survive the Supreme Court's decision in Kennedy.
>
> Without the doctrine of substantial compliance, it is clear that the last valid beneficiary designations in effect are the ones Publix received in October 2008 naming the Vargas Counter-Defendants as the beneficiaries of the ESOP and the 401(k) Plan. As such, Publix is entitled to summary judgment.

(Doc. No. 49, p. 16–17).

Thereafter, the Court entered judgment in favor of Publix on Ruiz's amended complaint. The instant motion for attorneys' fees followed.

## II. Motion for Attorneys' Fees

Publix now seeks $50,742 is attorneys' fees. (Doc. No. 57). Ruiz opposes the motion, arguing that: (1) Publix failed to request attorneys' fees in its answer; and (2) the Court, in its discretion, should deny Publix's request for an award of attorneys' fees. Accordingly, the Court will address both arguments.

4

### A. Requesting Attorneys' Fees

Ruiz first argues that the Court should deny Publix's motion for attorneys' fees because Publix failed to request attorneys' fees in its answer. The Court rejects this argument, as this Court has found that an ERISA defendant's failure to request attorneys' fees in its answer does not bar a later motion for attorneys' fees. See Medicomp, Inc. v. United Healthcare Ins. Co., 2013 WL 5741391, at *1 (M.D. Fla. Aug. 23, 2013), adopted by 2013 WL 5740097 (M.D. Fla. Oct. 22, 2013).

### B. Discretion to Award Attorneys' Fees

Next, Ruiz argues that the Court, in its discretion, should deny Publix's request for an award of attorneys' fees. As explained below, the Court agrees.

Pursuant to 29 U.S.C. § 1132(g)(1), this Court "in its discretion may allow a reasonable attorney's fee and costs of action to either party." The Supreme Court interprets this statute as allowing attorneys' fees to be awarded to a party as long as that party has achieved some degree of success on the merits. See Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 245 (2010). If the party seeking attorneys' fees has achieved some degree of success on the merits, the court may then consider a five-factor test in exercising its discretion in determining whether to award attorneys' fees. See id. at 255 n.8; see also Cross v. Quality Management Group, LLC, 491 Fed. Appx. 53, 55 (11th Cir. 2012). Those five factors consist of the following:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

Florence Nightingale Nursing Service, Inc. v. Blue Cross/Blue Shield of Alabama, 41 F.3d 1476, 1485 (11th Cir. 1995); see also Hardt, 560 U.S. at 249 n.1; Cross, 491 Fed. Appx. at 55. "No single factor is necessarily outcome-determinative." Waschak v. The Acuity Brands, Inc. Senior Management Benefit Plan, 384 Fed. Appx. 919, 924 (11th Cir. 2010).

In this case, it cannot be disputed that Publix has achieved success on the merits, as the Court has entered judgment in Publix's favor on Ruiz's claim. However, the Court has discretion regarding its decision whether to award Publix its attorneys' fees. The Court has considered the five-factor test and concludes that an award of attorneys' fees is not warranted.

The first factor that the Court has considered is the degree of Ruiz's culpability or bad faith. "[B]ad faith is more than mere negligence; it is the conscious doing of a wrong, where an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims, or deliberate deception, gross negligence or recklessness." Cross, 491 Fed. Appx. at 56 (quotation marks and internal citations omitted). Here, Ruiz cannot be considered culpable or to have acted in bad faith. She had non-frivolous legal authority that supported her position. As such, this factor weighs against an award of attorneys' fees.

Next, the Court considered Ruiz's ability to satisfy an award of attorney's fees. Neither party really addressed this factor beyond Ruiz's conclusory statements that an attorneys' fee award would be a financial hardship for her. Thus, this factor appears to weigh against an award of attorneys' fees.

Next, the Court considered whether an award of attorney's fees against Ruiz would deter other persons acting under similar circumstances. The Court finds that a fee award would likely

deter a purported beneficiary from relying on the doctrine of substantial compliance to support their beneficiary status. Thus, this factor weighs in favor of an award of attorneys' fees.

Next, the Court considered whether Publix sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself. The Court agrees with Publix that this case involves a significant legal question regarding ERISA. Thus, this factor weighs in favor of an award of attorneys' fees.

Next, the Court considered the relative merits of the parties' positions. While the Court found that Publix's position was legally correct, the Court cannot deny that the result may appear inequitable given Rizo's clear intent to change her beneficiary for the ESOP and the 401(k) Plan to Ruiz. Furthermore, the case law is not completely without doubt that the doctrine of substantial compliance has no viability after Kennedy, as some courts outside of the Eleventh Circuit have continued to consider the doctrine. See, e.g., Burns v. Orthotek Inc. Employees Pension Plan & Trust, 695 F. Supp.2d 859, 864–66 (N.D. Ind. 2010); Unum Life Ins. Co. of America v. Scott, 2012 WL 1068978, at *3–5 (D. Conn. Mar. 29, 2012); Koga-Smith v. MetLife, 2013 WL 971468, at *2–3 (N.D. Cal. Mar. 12, 2013). As such, the Court concludes that this factor weighs against an award of attorneys' fees.

After considering the five factors set forth above, the Court concludes that an award of attorneys' fees is not warranted under the facts of this case. Therefore, the Court denies Publix's motion.

**III. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Publix's Motion for Attorneys' Fees (Doc. No. 56) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 3rd day of May, 2017.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record